LOTTINGER, Judge.
This is a tort action brought by Harold S. Bourgeois and his insurer, American Hardware Mutual Insurance Company, wherein property damages in the amount of $200.00 are sought against James M. Craig and State Farm Mutual Automobile Insurance Company arising out of an automobile accident which occurred in the City of Baton Rouge, Louisiana, on March 15, 1962.
It is alleged in the petition that at about 10:05 a. m. on the aforesaid date, while Mrs. Merle Bourgeois was driving a 1954 Oldsmobile owned by her husband, the plaintiff, in a westerly direction on Main Street, James M. Craig was proceeding north on North 22nd. Street in his 1958 Thunderbird automobile. It is further al *791 leged that Mr. Craig failed to heed a red traffic signal and collided with the Bourgeois vehicle which had entered the intersection on a green signal, causing the damages sued for. In accordance with the subrogation agreement, American Hardware Mutual Insurance Company was subrogated to all sums in excess of $100.00, Mr. Bourgeois retaining his claim to the first $100.00 of damages.
At the outset of the trial on the merits, in accordance with a stipulation by counsel for plaintiff, the Trial Court found no liability coverage as to State Farm Mutual Automobile Insurance Company and ordered the suit dismissed as to it. Following trial on the merits, judgment was rendered in favor of plaintiffs as prayed for and the defendant Craig has appealed.
The sole issue presented is purely factual in nature. Main Street in the City of Baton Rouge runs East and West and is traversed by North 22nd. Street. On the morning of the accident, the weather was clear and driving conditions normal. Just previous to the collision, as alleged in the petition, Mrs. Bourgeois was proceeding westerly on Main Street and Mr. Craig was ■proceeding north on North 22nd. Street.
According to Mrs. Bourgeois, she ob■served the traffic light which was green for Tier street and which stayed green as she entered the intersection. She stated that she did not see the Craig vehicle previous to the collision as her view was obstructed by an automobile which had entered the intersection on a green light proceeding East on Main Street. She stated that subsequent to the accident, she stated to Mr. Craig that the light was still green for her street and that when asked about the matter, he fail■ed to reply.
A Mr. Emile Vilardo testified that he -was employed by the Woodfin-Smith Pontiac Company whose place of business was situated on the northwest corner of the intersection of Main and North 22nd. streets. He stated that just previous to the accident, he was standing on the corner just a few yards from the vehicles involved in the accident and that, while he did not see the accident take place, he heard the collision whereupon he immediately looked up and observed that the light for traffic on North 22nd. Street was red.
Mr. Craig testified that just before the collision, the light was green for North 22nd. Street and did not change as he entered the intersection. He testified that there was no vehicle proceeding East on Main Street as had been testified to by Mrs. Bourgeois. He testified that he did not see Mr. Vilardo after the accident even though he and a policeman went to the Woodfin-Smith office in an effort to find witnesses. Mr. Craig’s testimony was corroborated by his wife who was riding in the automobile with him at the time.
The accident was investigated by Officers Boyd and Waymire of the Baton Rouge Police Department who arrived on the scene approximately five minutes after the accident occurred. Officer Waymire testified that the light was working properly. Officer Boyd testified that he went to Wood-fin-Smith’s and spoke to four employees in an endeavor to find a witness but was unsuccessful as the ones that he spoke to had not seen the accident and that he did not see Mr. Vilardo.
The question is a simple one of veracity. It was resolved by the Trial Judge in favor of the plaintiffs and we find nothing in the record which would show manifest error in his conclusions.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.